The opinion of the court was delivered by
Manning, C. J.
The defendant, convicted of murder and sentenced to death, appeals, and prays a reversal of the judgment on sundry grounds which are set forth in his bills of exception, motions for continuance and for a new trial, and assignment of errors. We regret that,in the examination of these numerous questions in this and the Revells case, we have been unassisted by brief or oral argument on the part of the State.
*407 This record, like that of Revells’ case, contains no mention of the prisoner’s presence in court at any time during the trial, and of course none of any arraignment. The requirement of these things, and of their mention in the record, is not new.
It has ever been held, in trials for felonies, that the prisoner must be present at every important or vital stage of the proceedings. 3 Wharton Grim. Law ¿2991, 1 Bishop Crim. Proc. ¿273, and that the record must shew his presence, 3 Whart. Grim. Law ¿2999. When he can waive his presence, amhwhen he need not be present without waiver, have been pointed out. Ibid. ¿2992-3000. The indispensability of arraignment, of the record shewing it, in felonies, and in what classes of cases it can be waived has long been familiar law. Ibid. ¿3153 et seq. Yet we have had occasion several times recently to set aside verdicts and annuli judgments for errors in these matters.
The minutes were corrected in the same way as in State v. Revells, just decided, and the ruling there applies here, ante 387.
The prisoner moved to quash the indictment for irregularities in forming the venire from which the Grand Jury was drawn. The commissioners had drawn the jury on May 2d. The court met on June 3d, and this indictment was found and presented in open court on the 10th. of same month, and the motion to quash was made on the 11th. There are two grounds ; — 1. That the jury was not drawn within the time directed by the statute ; 2. that the same venire had already been quashed on June 4th., at the instance of other parties indicted at the same time.
1. The statute requires the jury shall be drawn in not less than fifty days prior to the meeting of the court. Sess. Acts 1877, p. 56. This jury was drawn thirty-two days before the court met. If the jury commission can abridge the statute time at all, it can abridge it to as short a time as may suit the convenience or caprice of its members. It cannot abridge the time at all. More than fifty days may elapse between the drawing of the jury and the regular time for the opening of the term, but not less.
2. It appears that a motion to set aside this venire was made in another case, and sustained, and such being the case, we are unable to conceive a good reason why the prosecuting officer persisted in proceeding with the trial, or how, after the judge had annulled and set aside the whole venire drawn for that term he could hold it good for any case.
There are numerous other causes of error set forth, which we will not examine, because it is needless. The record teems with objections— bristles with points — made with indefatigable zeal and pertinacity by the defendant’s counsel; and when it is remembered that the trial was for tire gravest of crimes, to be legally expiated by the gravest of penalties, we cannot forbear the admonition that neither the law nor the public *408 weal require that any man shall suffer even for crime, save according to those forms, and with due observance of those safeguards against error, which the wisdom of the learned, and the experience of many years and many countries, have found fitting and necessary to prescribe for the conduct of criminal trials.
It is ordered, adjudged, and decreed that the verdict of the jury is set aside, and the judgment of the lower court is avoided and reversed, and the indictment herein be quashed, and that the defendant be held in custody to await a new indictment, and for trial under the same.